UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
CARLOS MARTINEZ, on behalf of himself and all others similarly situated,

                     Plaintiff,

       -against-

FLOOR AND DECOR OUTLETS OF AMERICA, INC.

                     Defendant.
------------------------------------------------------------------- X

**No. 23 Civ. 1942**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Carlos Martinez ("Plaintiff" or "Martinez"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complains of defendant Floor and Decor Outlets of America, Inc. ("Defendant" or "Floor & Decor") and alleges:

## NATURE OF THE ACTION

1. Plaintiff Carlos Martinez worked as a Warehouse Associate at Defendant's retail store located in Commack, New York. Martinez and all other non-managerial warehouse and retail employees of Floor & Decor in New York State spent more than 25% of their work time performing duties that were physical in nature, such as bending, lifting, standing, carrying, and walking (the "Manual Workers"), and were paid on a biweekly basis.

2. Defendant violated Section 191 of the New York Labor Law ("NYLL") by paying Manual Workers' wages on a biweekly basis. As "Manual Workers" within the meaning of the NYLL, they should have been paid "weekly and not later than seven calendar days after the end of the week the[ir] wages are earned." N.Y. Lab. L. § 191(1)(a)(i).

3. Plaintiff brings this action on behalf of himself and all similarly situated Manual Workers to recover liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to Rule 23 of the Federal Rules of Civil Procedure and Articles 6 and 19 of the NYLL.

## JURISDICTION

4. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the amount in controversy against Defendant exceeds $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

5. There are more than 100 members in the proposed class.

6. Defendant operates and does business in New York State and is subject to personal jurisdiction in this Court.

## VENUE

7. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because Defendant's business operations and the events giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

**Plaintiff Carlos Martinez**

8. Carlos Martinez resides in Brentwood, New York.

9. Martinez worked for Floor & Decor as a Warehouse Associate from approximately July 2021 to September 2022.

**Defendant Floor and Decor Outlets of America, Inc.**

10. Defendant Floor & Decor is a foreign business corporation organized and existing under the laws of the State of Delaware.

11. Floor & Decor principal executive office is located at 2500 Windy Ridge PKWY SE, Atlanta, Georgia, 30339.

12. Since opening its first store in 2000, Floor & Decor has quickly become "one of the country's leading flooring retailers" to sell title, wood, stone, installation materials, and flooring accessories. *See* https://careers.flooranddecor.com/about-us (last visited March 14, 2023).

13. Floor & Decor is a for-profit corporation.

14. Upon information and belief, Floor & Decor operates four stores in New York State.

15. New York State is not the principal place of business of Floor & Decor.

16. Throughout Plaintiff's employment, Floor & Decor was a covered employer within the meaning of the NYLL.

17. Throughout Plaintiff's employment, Floor & Decor employed Plaintiff and all other Manual Workers within the meaning of the NYLL.

**FACTUAL ALLEGATIONS**

18. Throughout his employment, Martinez worked as a Warehouse Associate at the Floor & Decor store located at 4 Henry Street, Commack, New York, 11725.

19. As Warehouse Associate, Martinez's primary work duty was to manually lift tiles and place them on manual pallet jacks, then move the pallets by pushing and pulling the jacks to different locations in the warehouse.

20. Defendant sells a variety of tiles of different weights and materials. For example, some boxes of tiles that Martinez lifted could weigh almost sixty pounds, such as the Venatto II Matte Porcelain Tile, which weighs 58.50 pounds per box of seven tiles.

21. Throughout his employment at Floor & Decor as a Warehouse Associate, Martinez spent more than a quarter (25%) of each workday performing physical work

3

duties, such as putting boxes of tiles on pallets, pulling objects off shelves, and pushing pallets of objects that weighed hundreds of pounds throughout Defendant's warehouse.

22. Martinez had to stand, bend, lift, pull, push, and walk to perform his primary work duties.

23. Throughout his employment, Defendant paid Martinez's wages on a biweekly basis, with Martinez's wages due for the first workweek of each biweekly pay period paid more than seven days after the end of the workweek.

24. For example, on August 30, 2022, Floor & Decor paid Martinez's wages earned for his hours worked in the workweeks of August 12 to 18 and August 19 to 25, 2022.

25. Defendant paid Martinez's wages earned for the workweek of August 12 to 18, 2022, on August 30, 2022, more than seven days after the end of the workweek.

26. Defendants' practice and policy of paying Martinez his wages earned more than seven days after the end of the workweek injured Martinez by robbing him of the ability to invest his money earlier as he pleased, such as by paying bills earlier or depositing his money into an interest-earning account.

27. This is particularly so because Martinez was paid $17.25 or $17.50 per hour, only slightly more than the $15 minimum hourly wage rate in Long Island in 2022.

## CLASS ACTION ALLEGATIONS

28. Martinez brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated Manual Workers who work or have worked for Floor & Decor in any of its locations in New York State within the six years prior to the filing of this Complaint (the "Rule 23 Class").

29. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

30. Upon information and belief, the size of the Rule 23 Class exceeds 100 individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

31. Upon information and belief, Defendant employed more than twenty Manual Workers in the Commack location of Floor & Decor throughout Plaintiff's employment.

32. Upon information and belief, Defendant employed more than 100 Manual Workers throughout its store locations in New York State in the last six years.

33. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

34. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, namely whether Defendant untimely compensated them in violation of NYLL § 191.

35. Upon information and belief, Defendant paid all Manual Workers employed in its New York State store locations in the last six years on a biweekly basis.

36. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendant at various times within the applicable six-year statutory period. They enjoy the same statutory right to be paid on a timely manner pursuant to the NYLL. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages because of Defendant's failure to comply with the NYLL.

37. Plaintiff and the Rule 23 Class have all been injured in that they have been untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

38. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

39. Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

40. There is no conflict between Plaintiff and the Rule 23 Class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

42. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## CLAIM
### (NYLL § 191 – Frequency of Payments)

43. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

44.     Defendant is an employer that is subject to and must abide by the frequency of wages payment requirements of the NYLL.

45.     Defendant paid Plaintiff and the Rule 23 Class on a biweekly basis.

46.     In the last six years, Plaintiff and the Rule 23 Class spent more than 25% of their working time performing work tasks of a physical nature.

47.     Plaintiff and the Rule 23 Class were "Manual Workers" within the meaning of NYLL § 191(1)(a)(i).

48.     By paying Plaintiff and the Rule 23 Class on a biweekly basis, Defendant failed to pay Plaintiff and the Rule 23 Class their wages due "not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

49.     Because Defendant failed to pay Plaintiff and the Rule 23 Class on a weekly basis, they were unable to invest the money that they earned until later each month, robbing them of the timely use of their money. This is particularly important here, where Plaintiff and the members of the Rule 23 Class were paid at or only slightly more than the applicable minimum wage rate.

50.     As a result, Plaintiff and the Rule 23 Class are entitled to recover liquidated damages equal to the full amount of their wages paid later than seven days after the end of a workweek in each biweekly period within the six years prior to the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Rule 23 Class, respectfully requests that this Court:

a.     certify this case as a class action pursuant to Rule 23 for the class of employees described above, certify Plaintiff as the class representative, and designate Plaintiff's counsel as Class Counsel;

  b.  declare that Defendant violated NYLL § 191;

  c.  declare that Defendant's violation of the NYLL was willful;

  d.  award Plaintiff and the Rule 23 Class liquidated damages;

  e.  award Plaintiff and the Rule 23 Class pre- and post-judgment interest;

  f.  award Plaintiff and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the NYLL; and

  g.  award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
   March 14, 2023

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583–9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

*Attorneys for Plaintiff and Putative Rule 23 Class*